IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 1:19-CR-3-LG-RHW

**DAMION XAVIER GIGLIO**

### ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**BEFORE THE COURT** is the [38] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Damion Xavier Giglio. After due consideration of the submissions and the relevant law, it is the Court's opinion that Giglio's Motion should be denied without the requirement of an answer by the United States Attorney and without an evidentiary hearing.

### BACKGROUND

On April 2, 2019, Giglio pled guilty to one count of violating 18 U.S.C. § 922(g)(3), possession of a firearm by an unlawful user of a controlled substance. On August 1, 2019, he was sentenced to 41 months of imprisonment, 3 years of supervised release, a fine in the amount of $5,000.00 with interest waived, and a special assessment in the amount of $100.00. On August 7, 2019, the Court, upon motion of the Government, issued a [37] Final Order of Forfeiture, ordering that Defendant forfeit eleven firearms to the United States of America.

On June 9, 2020, Giglio filed the present [38] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Specifically, Giglio challenges the Court's

Order that he forfeit his firearms, which his counsel allegedly stated "would be returned to [his] family." (*See* Def.'s Mot. 5, ECF No. 38). Defendant seeks an Order that the property be released to its respective owners. (*Id.* at 13). For the reasons below, the Court finds that Defendant's Motion should be denied.

## DISCUSSION

"Because Congress limited relief under § 2255 to persons in federal custody, we hold that Congress also meant to limit the types of claims cognizable under § 2255 to claims relating to federal custody." *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). For that reason, where a defendant challenges "only the forfeiture of assets, which does not go to the validity of his conviction or sentence, his claim is not cognizable under § 2255." *United States v. Banguera*, 62 F.3d 393 (5th Cir. 1995); *see also United States v. McGuire*, 105 F.3d 655 (5th Cir. 1996) (holding that "[t]he district court did not err by holding that McGuire cannot attack a final judgment of property forfeiture via a 28 U.S.C. § 2255 motion to vacate a sentence").

Defendant's Motion alleges that his counsel was ineffective in failing to secure the return of his firearms to his family. (Def.'s Mot. 5, ECF No. 38). Defendant requests that the Court "issue an Order releasing the property in question to its respective owners." (*Id.* at 13). Under the law cited above, such non-custodial relief relating to property forfeiture alone is not available under a § 2255 Motion. Giglio's Motion must therefore be denied.

## CONCLUSION

Where the motion, files, and records of the case conclusively show that the petitioner is not entitled to relief, the Court may deny a 28 U.S.C. § 2255 motion without an evidentiary hearing. *United States v. Auten*, 632 F.2d 478, 482 (5th Cir. 1980). Because the Court has found that the record shows that Giglio is not entitled to relief, his Motion will be denied without an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking an order to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted). Giglio's Motion does not make the requisite showing. Hence, the certificate of appealability will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [38] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Damion Xavier Giglio is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 23rd day of June, 2020.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE